|   |   |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE BALLOU, Plaintiff,<br><br>v.<br><br>VANCOUVER POLICE OFFICERS' GUILD, Defendant. | Case No. C09-05086-RBL<br><br>**ORDER GRANTING JUDGMENT ON PLEADINGS AND REMANDING ACTION TO STATE COURT FOR FURTHER PROCEEDINGS** |

This matter is before the court on the Defendant's Motion For Judgment on the Pleadings, [Dkt. #10] and the Plaintiff's Motion For Leave To File First Amended Complaint. [Dkt. #14]. For the reasons below, Defendant's Motion For Judgment on the Pleadings is GRANTED, and Plaintiff's NLRA claim is dismissed. The case, including Plaintiff's pending Motion to For Leave is REMANDED to the Clark County Superior Court.

## **FACTS & PROCEDURE**

Plaintiff Julie Ballou filed a complaint against the Vancouver Police Officers' Guild in Clark County Superior Court on January 15, 2009, for breach of duty of fair representation under the Federal National Labor Relations Act ("NLRA"). *See* 29 U.S.C. §§ 151-169 (2009); [Complaint, Dkt. #1 at 3]. Defendant removed the case under 28 U.S.C. §1446. [*See* Notice of Removal, Dkt. #1]. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

ORDER
Page - 1

On June 4, 2009, Defendant filed for a Motion for Judgment on the Pleadings. [Dkt. # 10]. Defendant contends that Plaintiff has no claim under NLRA because Defendant works in the public sector, and NLRA only governs the private sector. Plaintiff's counsel does not contest this. In conjunction with its response to the Defendant's Motion, Plaintiff filed a Motion for Leave to file an amended complaint. [*See* Dkt. #14; Dkt. #18.] Plaintiff seeks to replace her Federal NRLA Claim with a state law claim under Washington's Public Employees' Collective Bargaining Act ("PECBA"), RCW 41.56, and she also seeks to add claims for relief for sex discrimination and retaliation under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.210(1)(2009). [Dkt. #14].

## DISCUSSION

**I.  The NLRA Does Not Govern Collective Bargaining Agreements with State Public Employers.**

Ms. Ballou concedes she does not have a claim under NLRA. While federal law generally preempts the field of labor law, it does not govern over collective bargaining agreements with state public employers or municipal employers. *See* 29 U.S.C. § 152(2)(2009); *Davenport v. Wash. Educ. Ass'n*, 551 U.S. 177, 177 (2007); *Navlet v. Port of Seattle*, 164 Wash.2d 818, 829 (2008) ("The National Labor Relations Act [NLRA] leaves States free to regulate their labor relationships with their public employees."). The Vancouver Police Guild is a union that primarily represents police officers in negotiations with the municipality. Ms. Ballou is police officer with the Vancouver Police Department, and a member of the Vancouver Police Guild. [Dkt. #1 at 3].

In Washington State, the Public Employees' Collective Bargaining Act (PECBA), RCW § 41.56, governs collective bargaining agreements with state public employers. *See Peninsula Sch. Dist. No. 401 v. Pub. Sch. Employees*, 130 Wash.2d 401, 407 (1996). Plaintiff has no valid claim under NRLA. Defendant's Motion for Judgment on the Pleadings is GRANTED, and that claim is dismissed.

**II.  Outright Dismissal Of This Case Would Be Unfairly Prejudicial.**

Defendant argues that this action should be dismissed outright, while Plaintiff contends the Court should either hear the case or to remand the action to State Court. 28 U.S.C. §1367 provides that courts may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy . . ." The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's proposed state law claims.

Plaintiff originally filed this case in state court, and Defendant removed it here. [Dkt. #1]. PECBA, the claim Plaintiff seeks to allege, is "substantially similar" to NLRA, and both acts provide a six-month limitation period for claims based upon "any unfair labor practice." 29 U.S.C. §§ 151-169 (1976); RCW § 41.56.160(1)(2009); *State ex rel. Wash. Fed'n of State Employees v. Board of Trustees*, 93 Wash.2d 60, 67-68 (1980). If the case were dismissed now, there may be a statute of limitations problem.[1] "A remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988).

Furthermore, the Federal Rules of Civil Procedure support the policy that cases should be decided on their merits, not on procedural technicalities:

> It is [e]ntirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1.

*Foman v. Davis*, 371 U.S. 178, 181-182 (1962). Dismissal would be inappropriate in this case as it would unfairly prejudice the Plaintiff. The case, including pending Motion For Leave to Amend [Dkt. #14] is REMANDED.

///

///

---

[1] The Court recognizes that Plaintiff's attorney erred in alleging a claim under the federal law instead of the state law. It would be unjust to deprive Ms. Ballou of the opportunity to litigate her Breach of Duty of Fair Representation claim because the statute of limitations had passed due to an attorney error or procedural technicality, particularly where the case was originally filed in the (proper) state court.

ORDER
Page - 3

## CONCLUSION

It is hereby ORDERED the that Defendant's Motion For Judgment on the Pleadings as to the NLRA claim is GRANTED. Plaintiff's claim under the NLRA is DISMISSED. The case, including the pending Motion For Leave to File an Amended Complaint is REMANDED to state court.

DATED this 2nd day of July, 2009.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE